**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
Case No: 3:04cr190-02-MR-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| THOMAS L. JACOBS, | ) |
|       Defendant | ) |
| | ) |
| and | ) |
| | ) |
| DARDEN RESTAURANTS INC. | ) |
| RETIREMENT INCOME PLAN, | ) |
|       Garnishee. | ) |

## ORDER

**THIS MATTER** is before the Court on the United States' "Application for Writ of Continuing Garnishment" (document #197) filed July 11, 2012. The United States "requests that the Court enter an order garnishing one hundred percent of Defendant's pension, whether that be the corpus, or monthly payments made to Defendant by the pension administrator." Id. at 2. The United States acknowledges that "with regard to monthly distributions, there is a split of authority as to whether the government is entitled to garnish one hundred percent of the monthly distribution, or is limited to 25% of the monthly distribution." Id.

Having reviewed the recent decision of the Seventh Circuit Court of Appeals, the Court concludes that garnishment of monthly pension distributions is limited to twenty-five percent by the Consumer Credit Protection Act,15 U.S.C. §1672(a) (hereinafter "CCPA"). United States v. Lee, 659 F.3d 619, 622 (7th Cir. 2011) ("Given the unambiguous language of the statute, periodic payments from a pension or retirement savings plan made in accordance with its terms would be made 'pursuant to' the pension or retirement plan and therefore be subject to the 25% limitation of

the CCPA") (citing United States v. DeCay, 620 F.3d 534, 544 (5th Cir. 2010) ( CCPA statutory limitation is unambiguous in that it defines "earnings" to include "periodic payments made pursuant to a pension or retirement program"). The Seventh Circuit noted that the twenty-five percent limitation applied to "disposable earnings" which were defined in 15 U.S.C. §1672(a) to include "a pension or retirement program." Id. at 621-22. See also United States v. Holmes, NCWD Civil Action No. 3:10CR102, document #106 at 6 (W.D.N.C. June 19, 2012) (allowing defendant's Motion to Reconsider and "modif[ying the Order of Garnishment] to provide a maximum garnishment of 25% of defendant's monthly pension payments.")

In Holmes, District Judge Max O. Cogburn, Jr. adopted the Seventh Circuit's rationale, noting that "the court must give the language used by Congress its plain meaning as determined by examination of the statute's language, structure, and purpose." Id. at 4 (citing United States v. Horton, 321 F.3d 476, 479 (4th Cir. 2003)).

**FOR THESE REASONS, IT IS HEREBY ORDERED** that:

1. United States' "Application for Writ of Continuing Garnishment" (document #197) is **GRANTED IN PART** and **DENIED IN PART**. The United States shall prepare and submit a proposed Writ of Continuing Garnishment that provides a maximum garnishment of twenty-five percent of Defendant's monthly pension payments.

2. The Clerk is directed to send copies of this Order to the pro se Defendant and to counsel for the United States; and to the Honorable Martin Reidinger.

**SO ORDERED**.   Signed: July 12, 2012

David S. Cayer
United States Magistrate Judge